```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| HARRY SWAIN,<br><br>        Plaintiff,<br><br>   v.<br><br>THE CITY OF VINELAND<br><br>        Defendant. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 09-6188<br>       (JEI/KMW)<br><br>**ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT<br>        (DKT No. 20)** |

**APPEARANCES:**

By:  F. Michael Daily, Jr.
Sentry Office Plaza
216 Haddon Avenue
Suite 100
Westmont, NJ 08108
        Counsel for Plaintiff

SWEENEY & SHEEHAN
By:  Robyn F. McGrath
Sentry Office Plaza
216 Haddon Avenue
Suite 500
Westmont, NJ 08108
        Counsel for Yates-Tishman

**IRENAS**, Senior District Judge:

and it appearing that:

    This matter having appeared before the Court on the motion for summary judgement of Defendant The City of Vineland ("Vineland")[1] and it appearing that:

    1. Plaintiff Harry Swain ("Swain") filed this complaint alleging age discrimination by Vineland when he was denied a

---

    [1] The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1367.

position as a K9 Officer and retaliation by Vineland on account of his complaints of age discrimination. Specifically, the First Count of Swain's Complaint brings claims of discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* The Second Count of Swain's Complaint brings a claim of age discrimination and retaliation under the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-1 *et seq.*

2. Summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). In deciding a motion for summary judgment, the Court must construe the facts and inferences in a light most favorable to the non-moving party. *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986).

3. In order to succeed on a claim under the ADEA and the NJLAD for age discrimination, a plaintiff must prove that he was qualified for the position sought. *Monaco v. Am. Gen. Assur. Co.*, 359 F.3d 296, 300-301 (3d Cir. 2004). Vineland has asserted that Swain was not eligible for the position of K9 Officer and therefore cannot establish a claim for age discrimination. The

Court agrees.  The K9 Policy of Vineland's police department makes it clear that each K9 Officer would need a take-home police department vehicle in order to fulfill his duties. (Exh. J to Def.'s Brief p. 5- 6)  It is an additional policy of Vineland's police department that a police officer must live less than 9.25 miles away from the department to receive a take-home police department vehicle. (Exh. K to Def.'s Brief p. 107)  At the time of each of his applications for the position for K9 Officer, Swain lived approximately 34 miles and 19 miles, respectively, from the police department, well outside the limit to receive a take-home police department vehicle.  Because Swain lived so far from the police department, he was not eligible to receive a take-home police department vehicle and therefore was not eligible to serve as a K9 Officer.  Swain does not attempt to refute this argument or present any alternative evidence of his eligibility for the position.  Because Swain was not eligible for the position of K9 Officer, summary judgment will be granted in favor of Vineland on Swain's claims of age discrimination.

    4.   Swain also brings claims under the ADEA and NJLAD for retaliation based on his complaints of age discrimination. In order to succeed on a claim under the ADEA and the NJLAD for retaliation, a plaintiff must prove that he suffered an adverse employment action.  *Woodson v. Scott Paper Co.*, 109 F.3d 913, 920 (3d Cir. 1997).  An adverse employment action is

> a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits. . . . Although direct economic harm is an important indicator of a tangible adverse employment action, it is not the sine qua non. If an employer's act substantially decreases an employees earning potential and causes significant disruption in his or her working conditions, a tangible adverse employment action may be found.

*Durham Life Ins. Co. v. Evans*, 166 F.3d 139, 152-53 (3d Cir. 1999).

    5.  Swain alleges that the adverse employment actions he suffered were (A) a delay in the approval for a surgical procedure and (B) being the target of an internal affairs investigation.  The Court finds that these incidents do not rise to the level of being adverse employment actions.  Swain's surgery was originally scheduled for October 2008, and was eventually performed in January 2009 after Vineland's workers compensation carrier confirmed the appropriateness of the procedure.  (Brief in Support of Def.'s Motion for Summary Judgment p. 21-34)  A significant portion of that delay can be attributed to the failure of Swain's physician to respond to a request from the carrier until six weeks after the request was initially made. (*Id.* at 22-23)  A delay of three months, absent exigent circumstances and in part due to the failure of Swain's treating physician, cannot serve as a basis for a retaliation

4

claim under the ADEA or the NJLAD.  In addition, Swain has presented no evidence that he was the subject of a retaliatory internal affairs investigation.  The internal affairs investigation was launched in order to determine the validity of Swain's complaints of age discrimination.  The internal affairs department of the Vineland police department is tasked with investigating all complaints related to discrimination. (*Id.* at 24) Swain complained of age discrimination, therefore his complaints were properly assigned to the internal affairs department.  Swain has presented no evidence that the investigation was in any way targeted at him or amounted to an adverse employment action.  Because Swain has not established that he suffered an adverse employment action, summary judgment will be granted in favor of Vineland on Swain's claims of retaliation.

   **IT IS** on this 25th day of April, 2011,

   **ORDERED THAT:**

   (1) Defendant's Motion for Summary Judgment is hereby **GRANTED.**

   (2) The Clerk of the Court is hereby directed to **CLOSE THIS FILE.**

                              s/ Joseph E. Irenas
                              JOSEPH E. IRENAS, S.U.S.D.J.